UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin R. Mitchell, #44363, <br> a/k/a Justin Randolph Mitchell, <br>                                 Plaintiff, <br> vs. <br><br> Major M. Brown, <br> Sergeant C. Neal, <br> Sergeant Moses, <br>                                 Defendants. | C/A No. 4:25-3978-BHH-TER <br><br> Report and Recommendation |

This is a civil action filed by a former pretrial detainee, proceeding *pro se* and *in forma pauperis*.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.

Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff's action is subject to partial summary dismissal for failure to state a claim upon which relief can be granted as to Defendants Brown and Neal. Plaintiff alleges that he brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 4). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action

under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges his First, Fifth, and Fourteenth Amendment rights have been violated. (ECF No. 1 at 4). Plaintiff alleges on April 16 he filed a maintenance request about only having hot water to drink in his cell, again on April 20 and April 22. (ECF No. 1-2 at 3-4). Plaintiff and unnamed maintenance worker had a verbal altercation. (ECF No. 1-2 at 4). Plaintiff alleges on April 22, 2025 at the detention center, a few hours later after the conversation with maintenance, Defendant Moses took Plaintiff to max unit and told Plaintiff he would eventually bring Plaintiff his disciplinary. Plaintiff alleges Defendant Moses never brought a disciplinary and went home, leaving Plaintiff with no bedding for eight hours with full blast air conditioning. (ECF No. 1-2 at 5). Plaintiff alleges he was placed in the max unit in retaliation for filing multiple complaints about the water. Plaintiff asked a nonparty for a blanket and said he could not because having no blanket was part of the punishment. (ECF No. 1-2 at 5). Plaintiff alleges less than 24 hours later he was back in his regular cell. (ECF No. 1-2 at 5). Plaintiff alleges as injuries, extreme exposure to cold air, back pains and not receiving medical or mental health treatment. (ECF No. 1 at 6). Plaintiff requests monetary damages specifically from Defendant Moses for retaliation, Neal and Moses for due process, and Brown for "illegal misconduct." (ECF No. 1-2 at 7). These allegations liberally construed are sufficient at this procedural stage to withstand summary dismissal as to Defendant Moses and this same day service and issuance of summons as to this Defendant has been authorized by separate

order.

Plaintiff alleges Defendant Brown failed to correct misconduct. (ECF No. 1-2 at 6). Plaintiff alleges Defendant Brown is responsible for the welfare of all the inmates. (ECF No. 1-2 at 2). To the extent Plaintiff is attempting to allege supervisory liability as to Defendant Brown, Defendant Brown is subject to summary dismissal because no facts are alleged as to personal involvement and supervisory liability. In a § 1983 action, Plaintiff must allege that an individually personally acted in alleged violations. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1)  that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2)  that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3)  that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Brown.

Plaintiff does not allege any personal action by Defendant Neal. Plaintiff alleges Defendant Neal is responsible for grievances generally. (ECF No. 1-2 at 2). In order to assert a plausible § 1983

claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 565 n. 10. (2007). Plaintiff fails to state a claim upon which relief can be granted as to Defendant Neal and Defendant Neal is subject to summary dismissal.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case. It is recommended that the District Court dismiss Defendants Neal and Brown *without*

*prejudice* and *without issuance and service of process*.  In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendant Moses.

July 3, 2025
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).